895 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Max J. SIEGLE, Plaintiff-Appellant,
v.
Vaskin BADALOW, et al., Defendant,
James BLANCHARD, Frank J. Kelley, Lyle Van Houten, Leo
Foran, John A. Libby, State of Michigan, City of
Dearborn Heights, Defendants-Appellees.
 No. 89-1805.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1990.
 
 Before MERRITT, Chief Judge, KEITH and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff, Max J. Siegle, appeals an order of the district court which dismissed his civil rights action. He now moves for a default judgment. Upon consideration of the record and the briefs, this panel agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the United States District Court for the Eastern District of Michigan. In support of his claim for monetary damages and injunctive relief, he related that in 1984 a Michigan court had entered a judgment dissolving his marriage with his former wife and dividing their property, including the forced sale of the family home. Unhappy with the results of that proceeding, plaintiff challenged its validity in a number of actions, including a direct appeal, in both state and federal court. Plaintiff further stated that when those new proceedings ended unfavorably, he filed the instant action based upon the belief that the Michigan court system was without authority to adjudicate his divorce or any other related actions. Specifically, plaintiff alleged that the Michigan state constitution had not been properly ratified, thereby resulting in the withdrawal of that state from the United States. Plaintiff maintained that Michigan courts were therefore without authority to decide cases and no person was qualified to sit as a judge or function as an attorney in that state. Defendants responded to the complaint by filing motions to dismiss which the district court granted in an order entered on July 5, 1989. Plaintiff then filed this appeal.
 
 
 3
 After careful review of the record, the court has concluded that the district court did not err in dismissing plaintiff's complaint. Accordingly, the motion for a default judgment is denied and the district court's final order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.